J-S06039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMIR PRICE | : | |
| | : | |
| Appellant | : | No. 1840 EDA 2023 |

Appeal from the PCRA Order Entered June 15, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001148-2017

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　　　　　**FILED JULY 19, 2024**

Samir Price ("Price") appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the factual and procedural history as follows:

> Briefly, [Price] was charged with murder and related offenses after he shot a fourteen-year-old victim in the spine during a robbery.  On May 30, 2018, [Price] entered a negotiated guilty plea to third-degree murder and two violations of the Uniform Firearms Act (["]VUFA ["]).
>
> In exchange, the Commonwealth agreed to withdraw the remaining charges and recommend a sentence of twenty[-]five to fifty years' incarceration.  Ultimately, the trial court accepted [Price's] plea and imposed the agreed-upon sentence.  [Price] did not file post-sentence motions or a direct appeal.

_____

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

On February 25, 2019, the PCRA court docketed [Price's] timely *pro se* PCRA petition. . . . The PCRA court appointed counsel (["]PCRA counsel ["]), who filed a . . . no merit letter[, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),] addressing [Price's] claims . . ..

Before addressing PCRA counsel's **Turner**/**Finley** letter, the PCRA court scheduled an evidentiary hearing . . . [at which] PCRA counsel reiterated his conclusion that [Price's] claims were meritless.

At the conclusion of the hearing, the PCRA court dismissed [Price's] PCRA petition. PCRA counsel indicated that because he "drafted a **Finley** letter and found no merits," he could not represent [Price] on appeal. The trial court removed PCRA counsel and . . . appointed [subsequent PCRA] counsel, who filed a timely notice of appeal on [Price's] behalf.

**Commonwealth v. Price**, 239 A.3d 88 (Pa. Super. 2020) (unpublished memorandum at *1-*2) (footnotes and citations to the record omitted). This Court affirmed the dismissal of Price's petition. **See generally id**. at *1-*3. Our Supreme Court denied Price's petition for allowance of appeal. **See** Order, 294 EAL 2020, 1/20/21.

Price filed the present second PCRA petition on March 29, 2023. Price conceded his petition as facially untimely, but asserted timeliness exceptions pursuant to the governmental interference and newly discovered fact exceptions contained in 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), arising from his discovery of past misconduct allegations against an investigating officer, Detective Brian Peters ("Detective Peters") in unrelated cases. **See** PCRA Petition, 3/29/23, at 2-3. Price also alleged in his petition that Detective Peters had committed misconduct in his case by coercing his confession, and

prior to his plea, he told trial counsel of the misconduct, but trial counsel declined to file a motion to suppress because he believed the issue was frivolous. *See id*. at 8-9.[2] The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on the grounds that, *inter alia*, Price's petition was untimely because Price failed to show that he exercised due diligence. *See* Rule 907 Notice, 4/27/23. Price filed no response. The PCRA court dismissed his petition on June 15, 2023. *See* Order and Opinion, 6/15/23. Price timely appealed.[3]

Price raises the following issues for our review:

I.   Should the PCRA court have treated the instant petition as a[ timely] extension of the first, uncounseled, petition?

II.  Did the petition sufficiently plead a violation of the rule announced in ***Brady v. Maryland***, 373 U.S. 83 (1963)?

Price's Brief at 3.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are

_____

[2] Price had not previously challenged the validity of his confession, asserted misconduct by Detective Peters in his prior PCRA petition or PCRA appeal, or asserted the ineffectiveness of trial or PCRA counsel in his prior PCRA appeal.

[3] The PCRA court did not issue a Rule 1925(b) order nor file a Rule 1925(a) opinion.

supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." ***Id***. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction over Price's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[4] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

_____

[4] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021). Section 9545(b)(1)(ii) also provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence "demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original).

Here, Price was sentenced on May 30, 2018. *See* Sentencing Sheet, 5/30/18. He filed no post-sentence motions and took no direct appeal from

judgment of sentence. Accordingly, his judgment of sentence became final thirty days later, *i.e.*, on June 29, 2018. **See** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of, *inter alia*, the expiration of time for seeking direct review); Pa.R.A.P. 903(a) (prescribing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken). Accordingly, Price had until July 1, 2019 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1).[5] Price's second PCRA petition, filed on March 29, 2023, is thus facially untimely.

Price first asserts that his present PCRA petition, his second, should be considered a timely first PCRA petition because prior PCRA counsel was ineffective such that Price was "effectively uncounseled." Price's Brief at 9, 11. We note that, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), a petitioner may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely-filed first PCRA petition, where the PCRA counsel in question represented the defendant until the appeal. **See Commonwealth v. Stahl**, 292 A.3d 1120, 1135 (Pa. Super. 2023) (discussing **Bradley**). However, this Court has held that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness

---

[5] June 29, 2019 fell on a Saturday. **See** 1 Pa.C.S.A. § 1908 (excluding weekends from time computations)

of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in **Bradley** unambiguously **rejected** th[is possibility]." **Id**. at 1136 (emphasis in original).[6] Accordingly, Price could assert no exception to the PCRA's time-bar on this basis.

Price additionally argues that his discovery of misconduct allegations against Detective Peters satisfies the governmental interference or newly discovered fact exceptions to the PCRA's timeliness requirements, pursuant to section 9545(b)(1)(i) and (ii), respectively. **See** Price's Brief at 14-15; **see also** PCRA Petition, 3/29/23, at 2-3. Price argues there was no "indication [from which he] could have known that Detective Peters engaged in a pattern of [alleged] misconduct in other cases," notwithstanding the fact that he, Price, "specifically alleged illegal tactics were employed during the detective's interrogation of [him] . . .." **Id**. at 14. Price does not explain what steps he took to exercise due diligence; however, he notes that he did not have any information available outlining prior allegations against Detective Peters in unrelated cases until he received them from a third party in prison. **See id**. at 15. **Compare** PCRA Petition, 3/29/23, at 3 (Price explaining that he learned

_____

[6] Additionally, we note that following the dismissal of Price's first PCRA petition, the PCRA court appointed new counsel, and Price took an appeal. **See** Order, 8/13/19 (appointing new PCRA counsel); Notice of Appeal, 8/17/19 (Price appealing from the order dismissing his PCRA petition); **Price**, 239 A.3d 88 at *2 (setting forth Price's issues on appeal which did not include an ineffectiveness claim against PCRA counsel).

of the allegations against Detective Peters in December 2022, after a fellow inmate made them available in November 2022).

The PCRA court concluded Price failed to sufficiently plead an exception to the PCRA's timeliness requirement because he failed to plead due diligence:

> In the instant petition, [Price] claims that an unnamed prison inmate made documents entitled "Philadelphia Murder Investigations and Alleged Patterns of Misconduct" available to the prison law library in November 2022. [Price] asserts that he first learned about these documents in December 2022 while in the prison law library when a "jailhouse lawyer" told him about them. . . ..
>
> * * * *
>
> [Price] asserts that the allegations against Detective Peters were unknown to him until he happened upon these documents in the prison law library. He also asserts that he properly exercised due diligence since he had no cause to believe Detective Peters had been accused of misconduct and no information which would have given him a reason to investigate him.
>
> Contrary to his assertions, according to his own averments in the instant petition, [Price] did have information which would give him a reason to investigate allegations of misconduct against Detective Peters well before December 2022. In his petition, for the first time, [Price] alleges that Detective Peters committed misconduct by refusing to provide him with counsel while taking his statement following his arrest in December 2016. Prior to trial, [Price] did not file a motion to suppress his statement. He now claims that he requested that his defense counsel file a motion to suppress his confession, but counsel believed that the motion would be frivolous. ***In his first PCRA petition, [Price] failed to raise these allegations or assert that counsel was ineffective for failing to file a motion to suppress his statement.***
>
> Despite alleging misconduct by Detective Peters in his own interview, [over five years before the filing of the instant PCRA petition, Price] made no effort whatsoever to discover allegations of misconduct against Detective Peters in other cases until he

- 8 -

happened upon the article from the Philadelphia Inquirer in December 2022, which was over three-and-a-half years after he pled guilty.

The instant claim does not meet the newly-discovered fact exception as [Price] has failed to establish that he exercised due diligence. . . . The allegations of misconduct against Detective Peters were first raised in the other cases between 2006 and 2011. The documents [Price] attached to his petition were published in May 2021 and were last updated in December 2021.

[Price] has not offered any explanation as to why he could not have learned about these allegations earlier with the exercise of due diligence. The allegations were made more than twelve years before the filing of the instant petition and they were published in the Philadelphia Inquirer almost two years before he raised his claim. [Price's] bare assertion that there was no way he could have known about or discovered the alleged misconduct of Detective Peters is not sufficient to establish due diligence.

* * * *

[For the same reasons, Price is unable to show due diligence in support of his asserted] government interference exception to the PCRA timeliness requirement. He has failed to aver any facts which establish that . . . he exercised due diligence. He did not provide any details about any attempts he made to obtain this information . . ..

Order and Opinion, 6/15/23, at 6-9.

Following our review, we conclude that the PCRA court's order is supported by the record and free of legal error, as we explain: Price's second PCRA petition is facially untimely; accordingly, he was required to plead and prove an exception to the PCRA's timeliness requirement. Price pleaded exceptions pursuant to section 9545(b)(1)(i) and (ii) relating to his discovery of misconduct allegations against Detective Peters. However, both section 9545(b)(1)(i) and (ii) include a due diligence requirement. While Price

generally asserts that he was unaware of the allegations of Detective Peters's misconduct from 2006, 2007, and 2011, until he was informed of them by a fellow inmate in November to December 2022, he has failed to set forth what steps, if any, he took to exercise due diligence prior to December 2022, as required by section 9545(b)(1)(i) and (ii), in discovering the existence of these allegations. This omission is crucial in light of Price's own allegations that Detective Peters employed illegal tactics while interrogating him, and he was well aware of that fact prior to entering his plea. *See* Price's Brief at 14-15 (Price failing to establish what, if any, steps he took to exercise due diligence); *see also Medina*, 92 A.3d at 1216 (stating that "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced"); *cf*. PCRA Petition, 3/29/23, at 9 (Price stating that, prior to his plea, he had asserted misconduct against Detective Peters to trial counsel in that Detective Peters had allegedly coerced Price's confession); *see also Commonwealth v. Sanchez*, 204 A.3d 524, 527 (Pa. Super. 2019) (concluding the petitioner had failed to show due diligence where he did not explain how the facts "could not have been ascertained sooner by the exercise of due diligence"). The PCRA

- 10 -

court thus properly concluded that Price failed to plead an exception to the PCRA's timeliness requirement. Therefore, Price is due no relief.[7]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/19/2024

_____

[7] As noted above, the PCRA's timeliness requirement is jurisdictional. Because Price's PCRA petition was untimely, the PCRA court lacked jurisdiction to entertain its merits, as does this Court. **See**, **e.g.**, **Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted).